SAMUEL, Judge
(concurs).
I cannot agree with the majority conclusion that the trial judge erred in refusing to allow the filing of the second and third amended and supplemental petitions.
R.S. 18:364, which controls this election contest, is sui generis and the only vehicle *690 under our law by which primary elections can be contested. That statute must be followed strictly. The Code of Civil Procedure articles relative to amended and supplemental pleadings are applicable here only insofar as those articles are not in conflict with R.S. 18:364. While the election laws may appear to be harsh as compared with most non-election cases, such harshness is necessary because of the time requirements which must be met regardless of any other considerations. The primary election must be final in time for the winning party nominee to be a candidate in the general election.
Pertinent to when the election contest must be heard by the trial court, R.S. 18:364B provides:
“. . . The contestee shall answer not later than ten o’clock A.M. on the fifth day after service, including Sunday and legal holidays; if the fifth day is a Sunday or other legal holiday, then on the next succeeding legal day. At that time, whether the contestee has answered or not, the court shall proceed without further delay and in a summary manner to try the issue presented . . .” (LSA-R.S. 18:364B)
The quoted language requires trial, on both exceptions and merits, on the fifth day after service or, if that day be a legal holiday, then on the next succeeding day which is not a legal holiday. Quite clearly, there can be no delay which could possibly result in a failure to choose the party nominee by election.
In the instant case Mr. Garrison filed his suit on December 21, 1973. Service was made on the defendants the same day and they answered on December 23rd. Plaintiff then filed a first amended and supplemental petition on December 22nd, He attempted to file second and third amended and supplemental petitions on December 24th and December 26th, respectively. The date of trial, as set by the court in accordance with the above quoted statutory provisions, was December 26th. No objection was made to the filing of the first supplemental petition; objections were made to the other two.
Under Article 1151 of the Code of Civil Procedure, in the absence of written consent by the adverse party a petition may be amended after answer only by leave of court and the granting of such leave is within the sound discretion of the trial judge. Here, in view of the fact that the permission to amend would necessarily include additional time given to the defendants to prepare their defense and file an answer, and in view of the additional fact that the trial of this matter unquestionably would have consumed a long time, it is quite possible that the matter could not have been heard and finally disposed of in sufficient time to permit the party nominee, chosen by election, to enter the general election. Under these circumstances the trial judge did not abuse his discretion by refusing to permit the filing of the second and third amended and supplemental petitions.
As I agree with the majority conclusion affirming the judgment which maintained the exceptions and dismissed the suit, I respectfully concur.